(58 N. W. Rep. 339.)

---

KELLOGG, JOHNSON & CO. *vs.* O. H. GILMAN, *et al.*

Opinion filed February 19th, 1894.

**Inconsistency Between Verdict and Judgment.**

> Where in an action against a firm composed of two persons, the jury renders a general verdict only, in favor of plaintff and against defendant, it is error for the court, while such verdict remains in the record, to render judgment against the plaintiff, dismissing the action as to one member of the firm, with costs.

Appeal from District Court, Walsh County; *Templeton,* J.

Action on promissory note by Kellogg, Johnson & Company, a

corporation, against O. H. Gilman and another.   From the judg-
ment rendered, plaintiff appeals.

Reversed.

*Phelps & Phelps,* for appellant.

*Sauter & Fraine,* for respondents.

BARTHOLOMEW, C. J.   This case must be reversed upon the
sixth assignment of error.   The other assignments need not be
noticed, as the matters of which complaint is made may not occur
upon another trial.  Only so much of the case will be stated as
is necessary for an understanding of the point ruled.

Plaintiff is a corporation.   The defendants, O. H. Gilman and
Gilman Lykken, were co-partners in the mercantile business under
the firm name of O. H. Gilman & Co.   It was a special partner-
ship, O. H. Gilman being the general partner.   This firm became
indebted to plaintiff for goods purchased, and an action was
begun on the indebtedness.   Subsequently, plaintiff's agent
visited defendants, and a settlement was reached.   At that time,
defendants owed plaintiff $1,133.95.   Plaintiff offered to take
$1,000 cash.   Defendant Gilman Lykken learned that the bank
would pay $1,000 for the firm's note for $1,133.95.   Thereupon, the
firm note for $1,133.95 was executed and delivered to plaintiff,
and by plaintiff indorsed to the bank, and the $1,000 paid by the
bank to the plaintiff.   On the same day the plaintiff's agent, who
then knew of the special partnership, without the knowledge or
consent of Gilman Lykken, induced O. H. Gilman to execute to
plaintiff the firm note for $100, apparently to make good, to that
extent, the discount that plaintiff had suffered.   It is upon this
latter note that this suit is brought.   Lykken knew nothing of the
execution of the note until service of the summons.   These facts
were brought out in the evidence, and, at the close of the testi-
mony, plaintiff moved the court to direct a verdict for plaintiff
for the full amount of the note.   The motion was granted, and,
pursuant to the instruction, the jury returned a general verdict in
favor of plaintiff and against defendants for the amount of the
note.   Subsequently, plaintiff moved for judgment against both

defendants, but the court ordered judgment on the verdict against O. H. Gilman, and in favor of plaintiff, for the amount of the verdict and costs. This judgment was duly entered. More than three months thereafter, the court ordered a further judgment against plaintiffs, dismissing the action as to Gilman Lykken, with costs. This judgment was also entered, and from it plaintiff appeals to this court, and assigns the rendition of the judgment as error, because contrary to the verdict. This assignment is clearly good. If there was error in the instruction to the jury, that error could not be cured by disregarding the verdict returned in accordance with the instruction. The verdict might be set aside for misdirection, on proper application. But a verdict that is general only must control, so long as it remains in the record, and any judgment on the verdict must correspond thereto. This is elementary. The District Court will reverse the judgment appealed from, and direct a new trial as against Gilman Lykken.

Reversed. All concur.